IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| ELIZABETH KINNAN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-3009-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for supplemental security income disability benefits. Plaintiff asserts disability beginning October 2, 1998, based on low back pain . On December 22, 2003, an administrative law judge (ALJ) found plaintiff not disabled because she could perform her past relevant work and the Commissioner

1 - ORDER

denied benefits.

Plaintiff sought judicial review before this court and the court entered an order remanding the matter for further proceedings on April 14, 2005. The court found that plaintiff's treating physician, Dr. Glenn O'Sullivan, opined that plaintiff was limited in standing and sitting and that the ALJ rejected the opinion asserting it was inconsistent with the objective medical evidence, was based on discredited subjective complaints and gave no specific limitations. However, the court determined that:

> Dr. O'Sullivan noted specific limitations in sitting, standing, lifting, and carrying which are contrary to the light exertional level of work the ALJ found plaintiff capable of performing. Tr. 561. While subject to interpretation, there was objective evidence that could support Dr. O'Sullivan's opinion. See, e.g., Tr. 531 (MRI reveals moderate to severe multilevel multi-factorial vertebral canal and neural foraminal stenosis), Tr. 485 (discogram shows moderately concordantly painful disc at L4-L5). Dr. O'Sullivan relied on these objective medical tests in addition to claimant's subjective reports. While the ALJ feels that Dr. O'Sullivan "over-reported" MRI and discography findings, the ALJ is no position to make medical conclusions based on her interpretation of the objective medical data. The ALJ does not cite medical opinion with contrary interpretation of the data. Accordingly, the ALJ erred in rejecting Dr. O'Sullivan's opinion regardless of whether the ALJ properly discredited plaintiff's testimony.

Kinnan v. Commissioner, 04-3066-HO (Order Dated April 14, 2005) at p. 3-4. Nonetheless, the court remanded for a determination of whether alcohol dependence is a material factor in plaintiff's ability to work.

Upon remand, the same ALJ again determined that plaintiff is capable of performing past work, again rejected Dr. O'Sullivan's

2 - ORDER

opinion, and accordingly, did not reach the issue of whether alcohol was a contributing factor in plaintiff's disability.[1] Regardless of whether the ALJ could use the remand to again reject the opinion of Dr. O'Sullivan, the ALJ erred with respect to the April 25, 2006 treating physician opinion of Dr. David Hagie on remand as well.

Dr. Hagie diagnosed plaintiff with lumbar disc herniation and disc displacement with impingement on the nerve. Tr. 995. Dr. Hagie concluded that objective findings support the pain levels displayed by plaintiff and opined that

> she cannot sit for more than one half hour at a time or stand for more than 5 minutes. She would not be able to walk for more than a hundred yards without stopping to sit down and rest. She could not be productive for an 8 hour day doing even something as simple as answering the phone. Because of her painful back condition she would not be able to be productive for eight hours at any job I can think of. The most she could do would be four hours in a day and I doubt she could do this.

Tr. 995. The ALJ did not directly discuss Dr. Hagie's opinion, but did state that Dr. Hagie assessed plaintiff, in part, with pelvic obliquity and planned to apply manipulative treatment to re-level her pelvis, but the ALJ determined that plaintiff did not have ongoing pelvis problems. Tr. 858. The ALJ failed to appropriately analyze Dr. Hagie's opinion.

Where an ALJ chooses to disregard the opinion of a treating physician, she must set forth clear and convincing reasons for

---

[1] The court declines to remand again for exploration of the issue given that the ALJ noted that plaintiff is currently abstinent due to the beginnings of alcohol related gastrointestinal disease. Tr. 860.

3 - ORDER

doing so if the treating physician's opinion is not contradicted by another doctor. Fife v. Heckler, 767 F.2d 1427, 1431 (9th Cir. 1985). If a treating physician's opinion is contradicted by another doctor and the ALJ wishes to disregard the opinion, the ALJ must set forth "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). To meet this burden the ALJ must set out a detailed analysis and thorough summary of the facts and conflicting clinical evidence, state her interpretation thereof, and make findings. Embrey v Bowen, 849 F.2d 418, 421 (9th Cir. 1988). Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, the court generally credits that opinion as a matter of law. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); Hammock v. Bowen, 879 F.2d 498, 502 (9th Cir.1989). As noted, the ALJ did not discuss Dr. Hagie's opinion. The opinion establishes disability and, accordingly, the case is remanded for an award of benefits.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is reversed and the case is remanded for an award of benefits.

DATED this ___15th___ day of ___July___, 2008.

                                       s/ Michael R. Hogan
                                      UNITED STATES DISTRICT JUDGE